[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF CUSTODY AND VISITATION
The motion for a modification of custody and visitation having been heard, and all pertinent statutory factors having been considered, it is hereby ordered as follows:
 1. The Plaintiff shall have sole legal custody of the minor child, Robert Knapp, subject to the defendant's right of reasonable access/visitation, shall make all decisions concerning the child's welfare including but not limited to selection of schools, camps, medical treatment, and religious instruction, and shall keep the wife informed of all decisions, shall seek her advice with respect thereto, and shall give reasonable consideration to her views. CT Page 8469
 2. As soon as reasonably possible, but not later than 48 hours after receipt, the Plaintiff shall provide the Defendant with copies of any and all reports received from third parties concerning the health, education or welfare of the minor child. In addition, not later than 48 hours after receipt, the Plaintiff shall provide the Defendant with copies of any and all schedules of school activities, notices of school activities, extracurricular activities, sports activities or any other activities in which the minor child participates. Both parents shall take all steps necessary to list both parents on the child's emergency card for school or any other emergency card, such as camp or extracurricular activities.
 3. Both parties shall inform the other, reasonably in advance, of the child's major social and educational activities and appointments, so that both parties may participate where possible and appropriate, and each shall further advise the other of the child's emergency situations, illnesses and life problems which may occur when the child is with him or her.
 4. Both the husband and the wife shall have the right to attend school and public events in which the child participates which are related to the child, such as games and practices, school programs, parent/teacher conferences, church events, recitals, etc., and neither shall do anything to interfere with said right. The child shall be free to interact with both parents at these events.
 5. If the Plaintiff shall desire to remove the minor child to a permanent residence outside of Stamford, CT, he shall notify the wife of such intention and shall advise her of the new location of the intended home. "Permanent residence" shall mean any residence where the child is to reside for a period of more than two weeks, unless such residence shall be at an overnight summer camp, boarding school, college or university. Upon receipt of such notice, the parties shall negotiate a new parenting plan with new visitation CT Page 8470 rights. If the parties are unable to agree on such plan within 20 days after receipt by the Defendant wife of the husband's notice, the court shall establish the terms of such plan.
 6. Neither Plaintiff nor Defendant shall purchase, keep at their residence, or permit the minor child to watch any videos, movies, or any other form of entertainment or media which contains violence or profanity.
 7. The minor child shall continue counseling with Gary Stanek of the Stamford Counseling Center. Both parties shall cooperate with and take all reasonable efforts to facilitate said counseling.
 8. Each of the parties shall keep the other informed at all times of the whereabouts of the minor child and shall provide notice to the other of any illness, accident, or other circumstances seriously affecting the health and welfare of said child.
 9. Both parties shall exert every reasonable effort to maintain free access, including telephone access, unhampered contact between the minor child and each of the parents, and to foster a feeling of affection between the minor child in both parents. Neither party shall do anything which may injure the opinion of the minor child of the other party or act in such a way as to hamper the free and natural development of said child's love and respect for the parties.
 10. The defendant shall have parenting time/access and visitation with the minor child on alternating weekends and Wednesday evenings. For the purpose of parenting time under this agreement, a weekend shall be defined as Friday evening at 5 PM through Sunday evening at 6 PM and every Wednesday night for dinner from 5 PM to 8 PM.
 11. In addition, the defendant wife shall have parenting time with the minor child during the summers and on holidays as follows:
CT Page 8471 The parties will alternate having the child for the Thanksgiving and Christmas holidays as follows: In 1999 and subsequent odd-numbered years, the wife will have the child for "Thanksgiving vacation" which shall commence Wednesday after school until Monday morning when the child shall be delivered to school. The husband will have the child from Christmas Eve commencing 8:30 PM through Christmas Day at 8 PM. In 2000, and subsequent even-numbered years, the husband will have the child for the same "Thanksgiving vacation" and the wife on Christmas Eve commencing 8:30 PM though Christmas Day at 8 PM. The parties shall split, on a 50/50 basis, the balance the child's school Christmas vacation.
Apart from the foregoing, the parties will alternate Winter and Spring school vacations. Winter vacation will be with the wife odd-numbered years and with the husband in even-numbered years and spring vacation with the husband on odd-numbered years and with the wife in even-numbered years . . . In addition, the husband shall have the child with him on Father's Day and the wife on Mother's Day.
Apart from the visitation described above, the wife shall have the child for the month of July and the husband shall have the child for the month of August. The parent who does not have the child for the month in question shall be entitled to alternating weekends with the child from 6 PM on Friday until 7:30 PM on Sunday, unless the child and the parent will be staying outside of Connecticut during that entire period.
In the event that there is a conflict between the regular visitation schedule set forth above and the holiday and vacation schedules above, the holiday and vacation schedule will prevail.
 12. The husband and wife shall be attentive to the clothing that the minor child brings to his or her home from the other parent and each shall endeavor to ensure that his clothing and other items of personal care are returned upon completion of the visitation.
 13. Neither party shall discuss the court's decision in this matter with the child other than to tell him what the court has ordered. Neither parent shall discuss any other matter relating to the legal aspects of this case with the child.
 14. In the event that the child has regularly scheduled activities (e.g. baseball, basketball etc.) during the mother's parenting time and she cannot transport the child to the activity, she CT Page 8472 shall give the father at least 24 hours advance notice so that he can transport the child to the activity or make arrangements for alternate transportation for the child to attend such activity.
 15. Both parents shall request the child's therapist, Gary Staneck, to forward periodic reports as to the child's condition and progress to the child's attorney, Catherine Whelan, and to Ms. Bernier at Stamford Family Relations Office.
HILLER, J.